IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| 325 GOODRICH AVENUE, LLC, : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | No. 5:10-cv-452  (CAR) |
| SOUTHWEST WATER COMPANY and : | |
| JOHN DOE, : | |
| : | |
| Defendants. : | |
| _____ : | |

### ORDER ON MOTION TO RETURN PRIVILEGED DOCUMENTS

Before the Court is Plaintiff's Motion to Order the Return of Privileged Documents which were inadvertently produced[1] during discovery.  [Doc. 37].  Plaintiff asserts that documents in the First, Second, Third, and Fourth Groups contain privileged attorney-client communications, and documents in the Fifth Group are privileged under the work product doctrine. [2]  Without conceding that the documents

---

[1] Defendant does not contest Plaintiff's statement that the documents were inadvertently produced. Therefore, the Court will not address the issue of whether the privilege was waived by Plaintiff.

[2] Plaintiff categorizes the documents at issue into five groups based on the subject matter of the documents.  See Doc. 37-2].  The Court will to refer to the documents in the same manner in which Plaintiff referred to them in its Motion.

1

in the First, Second, Third, and Fourth Groups are privileged, Defendant Southwest Water Company does not object to their return.  However, Defendant does object to returning the documents in the Fifth Group.  As this is the only set of documents that Defendant argues are not privileged, the Court will consider the merits of Plaintiff's motion in regards to only those documents.[3]

Group 5 consists of twenty-two duplicate copies of an e-mail exchange between a member of 325 Goodrich Avenue, LLC (Goodrich) and an employee of Goodrich. The e-mail, written by a member of Goodrich, is described by Plaintiff as stating "that the [lawsuit with Defendant] is a headache, partially due to litigation costs, and that there was a possibility the case would settle."  Plaintiff further alleges that the document "contemplates issues at the heart of the litigation such as i) costs ii) the LLC's response to the tactics of the opposing party and iii) settlement value."  In response, Defendant argues that the documents were prepared well after the lawsuit began and that the documents were not prepared in anticipation of or to use at trial.

---

[3] Here, neither party filed a copy of the documents at issue.  However, in a companion case, <u>Faraday v. Goodrich</u>, Civil Action No. 5:10cv278-CAR-CHW (M.D. Ga), Goodrich requested the return of the same documents and the documents were filed under seal.  Accordingly, this Court takes judicial notice of the docket and records filed in <u>Faraday v. Goodrich</u>, Civil Action No. 5:10cv278-CAR-CHW (M.D. Ga).

Defendant asserts that the documents contain admissions by the Plaintiff and do not contain mental thoughts and impressions of any attorney or any other party representing the Plaintiff.  Defendant further alleges, which Plaintiff notably does not dispute in its Reply, that the documents suggest that an employee, a material witness in the case, has a financial interest in the outcome of the litigation.

The work product doctrine protects against the disclosure of documents that are prepared in anticipation of litigation "by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A).  In the event that discovery of these documents is ordered, the court must, nevertheless, prevent the disclosure of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3)(B).  The party asserting the work product privilege bears the burden of establishing the doctrine's application.  <u>Hunters Ridge Golf Co. v. Georgia-Pacific Corp.</u>, 233 F.R.D. 678, 681 (M.D. Fla. 2006).

Here, Plaintiff fails to establish that these documents are privileged under the work product doctrine.  Plaintiff's Motion and Reply merely recite the required elements of work product and state that work product need not be prepared by an

attorney. It is not until Plaintiff's Reply that Plaintiff even discusses the actual contents of the documents. However, this discussion is insufficient to establish that the contents are privileged under the work product doctrine.

Even if Plaintiff had adequately discussed the documents in relation to the required elements, the Court is still not persuaded that the documents are true work product under Rule 26(b)(3). See F. R. Civ. P. 26(b)(3). Rule 26(b)(3) makes clear that work product are "documents or tangible things that are prepared in anticipation of litigation . . . by or for another party or its representative." This Court cannot find, and Plaintiff fails to cite, any authority where documents written by a member of a company to an employee are privileged as work product. Furthermore, notwithstanding the foreseeable relevance of the documents to the litigation, the documents were not prepared in anticipation of litigation as contemplated under Rule 26(b)(3).

Therefore, Plaintiff's Motion for Return of Privileged Documents is **GRANTED IN PART** and **DENIED IN PART**. Defendant is **HEREBY ORDERED TO IMMEDIATELY RETURN ALL THE DOCUMENTS LISTED IN THE FIRST**

**GROUP, SECOND GROUP, THIRD GROUP, AND FOURTH GROUP** of Plaintiff's

Exhibit 1, Document 37-2.

    **SO ORDERED,** this 27th day of October, 2011.

                                          <u>S/  C. Ashley Royal</u>
                                          C. ASHLEY ROYAL
                                          UNITED STATES DISTRICT JUDGE

LMH